[No. 21834.   Department Two.   September 4, 1929.]

ETHEL HERZBERG, *Appellant*, v. WILLIAM W. MOORE
*et al., Respondents.*[1]

*Tucker, Hyland & Elvidge* (*W. Stevens Tucker,* of counsel), for appellant.

*J. H. Templeton* and *Charles F. Munday,* for respondents.

MILLARD, J.—Alleging mutual mistake and inadvertence, plaintiff instituted this action to reform a real estate contract. The cause was tried to the court. This appeal is prosecuted from the order denying plaintiff's motion for a new trial, and from the judgment dismissing the action.

A pertinent provision of the real estate earnest money receipt executed April 29, 1926, under which appellant agreed to convey to respondents, by contract for warranty deed, certain improved real estate, reads as follows:

"The property is to be conveyed by contract for warranty deed free from all liens and incumbrances,

[1]Reported in 280 Pac. 41.

excepting taxes and local assessments becoming liens as between grantor and grantee after date hereof and excepting liens and incumbrances to be assumed by the purchaser as follows, to wit: Local assessment for Wheeler street *et al.*, under district No. 3925, Ordinance No. 47778, amounting to $428.40, which amount is to be deducted from the purchase price of $6,600 hereafter mentioned, assumed by the purchaser and paid as it becomes due.''

Coincident in time with the making of this agreement, the appellant, in response to inquiry of respondents, informed them that all the improvements "were in and paid for except this one of $428.40," which was the assessment for the paving on Wheeler street in front of the property. At that time, Knob Hill avenue, at the side of the property, was also paved, the assessment for which is the subject-matter of this controversy.

On the abstract of title delivered to the respondents, is the certificate of the abstractor dated May 5, 1926, to the effect that no special assessment, other than that amounting to $428.40 for the paving of Wheeler street, had been levied against the property since March 5, 1919, as shown by the official assessment rolls in the office of the city treasurer. An attorney, acting for the appellant, made inquiry subsequent to May 5, 1926, but failed to discover any assessments on the property other than that of $428.40 for the Wheeler street paving.

On May 28, 1926, the parties entered into a real estate contract which provided, in so far as material to this action, that respondents were to pay to appellant the consideration of sixty-six hundred dollars as follows:

"First by the purchaser assuming and agreeing to pay as the same become due in annual payments those certain municipal assessments for paving Wheeler

street, *et al.*, under Ordinance No. 47778, Dist. No. 3925, in the sum of $428.40 . . .

"The purchaser assumes and agrees to pay before delinquency all taxes and assessments that may as between grantor and grantee hereafter become a lien on said premises . . ."

Subsequent to the execution of the foregoing contract (the record is silent as to the date the information was acquired), respondents learned that, on May 11, 1926, another assessment under Ordinance No. 49545, amounting to $379.86, for the paving of Knob Hill avenue, which is on one side of the property, had become a lien on the property. The appellant testified that she did not know, at the time she was negotiating with respondents for the sale of the property, that assessments were unpaid on the Knob Hill avenue paving; that she never gave a thought to the assessment for the paving on the side street, and that she did not receive any notice of the assessments from the city treasurer until "a long time after I had sold the house."

Respondents' demand for payment of the Knob Hill avenue paving assessment was refused by the appellant, who commenced this action for reformation of the contract of May 28, 1926, to conform, as she alleged, with the agreement of the parties, as shown by the earnest money receipt, that respondents assumed payment of all improvement assessments becoming liens subsequent to April 29, 1926.

■ The appellant does not claim that there was any fraud or bad faith in the making of the contract. She attempts to show only a mutual mistake.

"Reformation is a proper remedy where the parties have reached a definite and explicit agreement, understood in the same sense by both, but, by their mutual or common mistake, the written contract fails to ex-

press this agreement.'' Black on Rescission and Cancellation, § 11.

''When no question of fraud, bad faith or inequitable conduct is involved and the right to reform an instrument is based solely on a mistake, it is necessary that the mistake be mutual, and that both parties understood the contract as the complaint or petition alleges it ought to have been, and as in fact it was except for the mistake; . . .'' 23 R. C. L., p. 327.

A contract may be reformed, upon the ground of mutual mistake, when the evidence of the error is clear and leaves little or no doubt as to what the real agreement of the parties was. If the earnest money receipt truly expressed the intention of appellant and respondents and the terms of the real estate contract herein are not in accord therewith, the contract may be reformed if the discrepancy arose through fraud or mistake. Respondents contend that the earnest money receipt does not express their intention, which was to restrict their assumption of payment of assessments to those for improvements made subsequent to the date of purchase. They insist that this is manifest from their interrogation of appellant as to the improvement assessments, which she represented to them had been paid. Were the respondents induced to make the purchase and accept the earnest money receipt by false representations of the appellant? The appellant testified as follows:

''Q. Mrs. Herzberg, you agreed to sell this property for $6,600, did you not? A. Yes. Q. Assuming what? A. And assume the assessments that I knew of at that time, which I think were four hundred dollars. Q. You would not have sold it otherwise? A. No, I wouldn't. I didn't know there were any more assessments. Q. You knew that the paving had been put in along by the side of the house? A. I knew it was put in, but I never gave it a thought as to the assessments; I never gave it a thought. Q. Did you receive any notice from the city treasurer relative to the assess-

ment for the paving on the side of the house? A. No, not for a long time after I had sold the house.''

Appellant's attorney testified:

''The deal was closed in my office; the contract was not prepared in my office. I do not know who prepared the contract. It might have been Mr. Longbottom. But at all events the contract was supposed to carry out the terms of the earnest money receipt. Mrs. Herzberg did not know about it and I knew nothing about the other assessment. Q. Did you look over the contract? A. Yes, I looked over the contract. The contract is just the way I thought the earnest money receipt was. But I noticed afterwards that the earnest money receipt provides that, as between the buyer and seller, the vendee assumed any assessment that might become a lien.''

Respondent Moore testified:

''Q. Was it contemplated between you and Mrs. Herzberg that you were to pay any greater sum than $6,600 for the property? A. No, sir. Q. What representations were made to you by Mrs. Herzberg at that time relative to the assessments on the place? A. She represented to me that all the assessments were in and paid for except this one of $428.40. Q. Was the paving in in front of the house? A. Yes, sir. Q. Was it in on the side of the house? A. Yes, sir. Q. Was that on the 29th day of April, 1926, when this earnest money contract was entered into? A. Yes, sir. Q. Through whom did you negotiate for the purchase of this property? A. Mr. Longbottom, Mrs. Herzberg's agent. Q. Did you know, Mr. Moore, at the time you entered into the contract of purchase, that there was any local assessment against this property other than $428.40? A. No, sir, I didn't. Q. Would you have paid more than $6,600 for this property? A. No, sir.''

The testimony of the real estate agent, who represented the appellant in the negotiations, is as follows:

''Q. What, if anything, was said by her to you relative to the improvements? A. As I remember, she said everything was in and paid for except that one

amount of some four hundred and some odd dollars. Q. Did you ask her about the different assessments that were there? A. No. I think not; not about each individual one. Of course I saw it was paved all the way around, and all that.''

When the appellant, in selling the property, asserted that all of the improvement assessments had been paid except the Wheeler street assessment, which statement was untrue as the Knob Hill avenue assessment was unpaid, although she believed her statement to be true, her position was such that the assertion was equivalent to an assumption of its truth. Whether the statement, made to the respondents by appellant, that all assessments except one had been paid, was made with the intention of deceiving and misleading or was made in ignorance of the fact stated, is not material, for the reason that the motive does not alter the effect thereby produced upon the minds of the respondents. Conceding the appellant did not know, at the time she made the statement, that the Knob Hill avenue assessment had not been paid, yet the effect of the misstatement is the same as though an intention to deceive had then been present in her mind. The general rule is stated in sec. 104 of Black on Rescission and Cancellation:

''When one person induces another to part with property or rights or otherwise to change his situation, by means of representations which are false in fact, it is no excuse or defense for the former to say that he was ignorant of the falsity of the representations, or that he sincerely believed he was speaking the truth, if the circumstances are such that the law will impute to him actual knowledge of the matter spoken of, that is to say, in cases where he must be presumed to have known the truth because he had full opportunities for knowing it, or perhaps exclusive opportunities, and because it was his duty to know the facts.''

Appellant was mistaken when she represented to respondents that all assessments, except for the

Wheeler street paving, were paid. There was no mistake on the part of respondents. It was their understanding that the earnest money receipt and the contract of purchase would exclude payment by them of any assessments for the paving already laid. Respondents never contemplated paying assessments for the paving of Wheeler street and Knob Hill avenue, nor have they been guilty of any fraud or inequitable conduct. There was no mutual mistake. Though the representation of the appellant was innocently made, it is a good defense to her action to reform the real estate contract.

The judgment is affirmed.

MITCHELL, C. J., BEALS, PARKER, and MAIN, JJ., concur.